(No. 2587— )

WILLIAM MOORE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 25, 1938.*

ALEXANDER WHITE, JR., for claimant.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

William Moore a soldier in the late war filed a petition with the clerk of this court setting forth that on the 18th day of January, 1924, the State of Illinois was indebted to him in the sum of Three Hundred Dollars ($300.00) by virtue of an Act entitled "An Act to provide payment of compensation to certain persons who served with the military or naval forces of the United States in the recent war with Germany," approved May 3, 1921.

Claimant charged that on January 8, 1924, the proper state officer issued a draft and mailed it to him at Willow Springs, Illinois, at which time claimant was not living there. This draft was for the sum of Three Hundred Dollars ($300.00) and was issued to him in payment for military services. The draft was cashed and returned to the State Treasurer and bore the signature of William Moore and also the signature of a man named John T. Allison. Moore claims that he never received the draft and that no other person has any rightful interest in the draft, and he asks an award from this court in the sum of Three Hundred Dollars ($300.00), plus interest at 6% per annum, from January 8, 1924, and the claim is based upon the equity and good conscience doctrine.

The claim is properly sworn to and evidence was taken. The evidence is quite convincing that somebody forged Moore's name to the draft. The name John T. Allison also appears on the draft and it is not claimed that that was a forgery. It appears that Allison is a man of some property, but nothing in the record disclosed why demand was not made

upon Allison, who subsequently died, or upon his estate, but the claim was not filed until January 31, 1935, more than eleven years after Moore claims the payment was due him.

The Attorney General contends that this court does not have any jurisdiction because it is barred by Section 10 of the Court of Claims Act, which provides as follows:

"Every claim against the State cognizable by the Court of Claims, shall be forever barred unless the claim is filed with the secretary of the court within five years after the claim first accrues, saving to infants, idiots, lunatics, insane persons and persons under disability at the time the claim accrued two years from the time the disability is removed."

The evidence does not disclose that Moore was under disability of any kind. This court, therefore, has no jurisdiction to enter an award in this instance and for that reason, the claim is hereby dismissed.